Herbert L. **WALLS**, B–11682, Petitioner,

v.

Louis S. **NELSON**, Warden, San Quentin Prison, Respondent.

Civ. No. 68–1264.

United States District Court
C. D. California.

Jan. 20, 1969.

Thomas C. Lynch, Atty. Gen., Edward Duddy, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

Herbert L. Walls, in pro. per.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DISMISSING CASE

HALL, District Judge.

The sole question here is whether or not Section 1272, 3(b), California Penal Code, limiting bail after conviction to the discretion of the court is constitutional.

Petitioner cites no authorities although that section of the Penal Code has been in effect since 1872.

He relies on the text of Amendment VIII of the federal Constitution which reads, insofar as bail is concerned, as follows:

"Excessive bail shall not be required."

Someone must determine what is, or is not, "excessive," which means that someone must exercise discretion. Thus the text of the Amendment does not support petitioner's right to bail, but on the contrary clearly shows that the framers of the Constitution intended that bail should be discretionary but not "excessive," in the exercise of "discretion." The first point where "discretion" can be exercised is when the matter regularly comes before a judge under California law. Thus the provisions of California Penal Code 1272, 3(b), limiting bail after conviction to the discretion of the court is not contrary to Article VIII of the United States Constitution, but is in conformity with and supported by the express language of Article VIII.

The opinion of Justice Douglas in Alcorcha v. California (1966), 86 S.Ct. 1359, 16 L.Ed.2d 435, sustains the proposition that "on appeal, the grant or denial of bail rests largely on the sound discretion of the judge."

The petitioner's case is still pending on appeal in the California courts.

There being no other question presented here, the Court denies the petition for writ of habeas corpus, and dismisses the case.